### A. S. JOHNSON *v.* I. SIESFIELL.

RECISSION OF CONTRACT. *When allowed. Collection of note when enjoined.* Want of title to land in the vendor is ground for recission of the contract of sale in equity, and collection of the purchase note may be enjoined there, though in the hands of a third party to whom it was assigned after maturity, and in part payment of an antecedent liability.

#### FROM WASHINGTON.

From the Chancery Court at Jonesborough. H. C. SMITH, Chancellor.

McLIN & BLAIR for complainant.

KIRKPATRICK & REEVES for respondents.

NICHOLSON, C. J., delivered the opinion of the court.

Deake sold to Johnson a tract of mountain land, containing about 5,000 acres, for which Johnson executed to him his note for $400, dated on the 10th of September, 1870, and due one day after date. Deake executed a bond for title to Johnson. On the 12th of September, 1879, Deake transferred the note to Siesfield, part in satisfaction of an antecedent debt, part in *assumpsit* of another debt of Deake, and the balance in goods. Deake was in embarrassed circumstances.

It was soon discovered by Johnson that Deake's title to the land vested upon the deed of the revenue collector, for Washington county, who had reported the land for taxes and charges, amounting to about six dollars, and which had been sold, as stated in the collector's deed, on the 1st of July, 1871, but as stated in the record on the 8th of June, 1871. Johnson therefore filed his bill for a recission of the contract, upon the ground that Deake had no title, and praying for a perpetual injunction against the collection of the note by Siesfield, upon the ground that he was not an innocent holder of the note in due course of trade.

Upon the pleading and the proof, the Chancellor granted the relief prayed for, and defendants have appealed.

The allegations of the bill, as to the want of title by Deake, and of the transfer of the note after maturity and in part satisfaction of antecedent debts, were satisfactorily made out, and this entitled complainant to relief.

There was no error in the decree, and it is affirmed with costs.